IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE FRANK HILL,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, et al.,** | : | |
| Respondents | : | **NO. 05-5160** |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                                    OCTOBER 27, 2006

Petitioner Willie Frank Hill petitions for habeas corpus relief pursuant to 18 U.S.C. § 2254 from a sentence imposed by the Philadelphia Court of Common Pleas and affirmed by the Pennsylvania Supreme Court following Mr. Hill's conviction by a jury for first degree murder. United States Magistrate Judge Arnold C. Rapoport filed a Report and Recommendation recommending that Mr. Hill's petition be denied. Mr. Hill filed objections to the Report and Recommendation, and the Government responded. After conducting a de novo review pursuant to 28 U.S.C. 636(b)(1)(C), and for the reasons discussed below, the Court adopts the Report and Recommendation in its entirety. Accordingly, Mr. Hill's petition is denied.

**BACKGROUND**

In 1976, the Court of Common Pleas of Philadelphia County jury convicted Mr. Hill of first-degree murder, a crime he committed at the age of 16. The court sentenced Mr. Hill to life in prison. Mr. Hill timely appealed his conviction and sentence to the Pennsylvania Supreme Court, which affirmed the judgment of sentence on July 14, 1978. See Commonwealth v. Hill, 388 A.2d 689 (Pa. 1978).

Mr. Hill subsequently filed numerous petitions for relief. In 1980, with the assistance of

counsel, Mr. Hill filed a Post-Conviction Hearing Act ("PCHA") petition, which was denied. The Pennsylvania Superior Court affirmed the denial in 1984,[1] and Mr. Hill did not seek review of the denial by the Pennsylvania Supreme Court. In 1989, Mr. Hill filed a pro se PCHA petition, and, after counsel was appointed, an amended petition was filed on Mr. Hill's behalf. That petition was also denied, and the Pennsylvania Superior Court affirmed that denial in 1995.[2] Once again, Mr. Hill did not file for review by the Pennsylvania Supreme Court. Mr. Hill next filed a pro se petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), which was denied without a hearing. The Pennsylvania Superior Court affirmed the denial,[3] and the Pennsylvania Supreme Court denied Mr. Hill's petition for allocatur on March 10, 1998.[4] Mr. Hill filed his fourth and final petition for collateral relief on October 16, 2001. Following a hearing, the petition was denied as untimely, and the Superior Court affirmed the dismissal on October 7, 2004.[5] Mr. Hill did not seek review by the Pennsylvania Supreme Court.

    Mr. Hill filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 29, 2005. Mr. Hill then filed a revised petition on November 7, 2005. In his petition, Mr. Hill claims he is being unlawfully held, based on the following grounds: (1) violation of his equal protection and due process rights because he was tried as an adult without certification; (2) the PCRA court erred in (a) dismissing his application for post-conviction relief as untimely, (b)

---

[1] Commonwealth v. Hill, 474 A.2d 642 (Pa. Super. 1984).

[2] Commonwealth v. Hill, 668 A.2d 1191 (Pa. Super. 1994).

[3] Commonwealth v. Hill, 704 A.2d 691 (Pa. Super 1997).

[4] Commonwealth v. Hill, 723 A.2d 670 (Pa. 1998).

[5] Commonwealth v. Hill, 864 A.2d 578 (Pa. Super. 2004).

denying his claim of actual innocence, and (c) depriving him of a fair evidentiary hearing; and (3) ineffective assistance of counsel at trial, on appeal, and in the PCHA and PCRA proceedings.

**DISCUSSION**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[6] The AEDPA one-year time limit is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An AEDPA time bar operates to prevent consideration of the substantive grounds being advanced for the request for relief.

Mr. Hill's judgment of conviction became final on July 14, 1978, before AEDPA was enacted. Accordingly, the one-year time limit for Mr. Hill began on April 24, 1996, the effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (construing AEDPA to allow prisoners a one-year grace period following the effective date to initiate their habeas actions if their convictions became final prior to the AEDPA effective date). On that date, Mr. Hill's third pro se PCRA petition was pending in state court. As a result, the one-year time period was tolled for the duration of the ongoing PCRA litigation. On March 10, 1998, the Pennsylvania Supreme Court denied allocatur, and the one-year AEDPA limitations period

---

[6] None of the other possible "start dates" found in section 2244(d)(1) apply here: no state action prevented the timely filing of the instant action; Mr. Hill does not rely on a new rule of retroactively applicable constitutional law; and the factual predicates for Mr. Hill's claims stem from events that took place during the trial and were discoverable in the exercise of due diligence.

began, giving Mr. Hill until March 9, 1999 to timely file a habeas petition.[7] Mr. Hill filed the instant habeas petition on September 29, 2005, over six years after the AEDPA statute of limitations had run.[8]

Mr. Hill's fourth and final pro se PCRA petition, filed on October 16, 2001, did not toll the statutory time period because it was filed over two years after the statutory time period had expired in March 1999. Moreover, the PCRA petition itself was untimely and therefore not "properly filed" as required to toll the statutory time limit for habeas purposes. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Although AEDPA generally requires habeas petitions to be filed within one year of the final judgment, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). Such equitable tolling is warranted when "the petitioner has in some extraordinary way been prevented from asserting his or her rights . . . [and] has exercised reasonable diligence in investigating and bringing the claims." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Mere excusable neglect is not sufficient. Id. Equitable tolling may also be appropriate if the defendant has actively misled the plaintiff or if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones,

---

[7] The AEDPA's statute of limitations is not tolled during the ninety-day period when petitioner could have filed a Petition for Writ of Certiorari in the United States Supreme Court after state collateral review. Stokes v. Dist. Attorney of Phila., 247 F.3d 539 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001).

[8] Mr. Hill signed the petition on September 25, 2005. A revised petition was signed by Mr. Hill on November 3, 2005 and docketed on November 7, 2005.

195 F.3d at 159 (citations omitted).

      Although Mr. Hill does not make a specific claim for equitable tolling, he argues, as he did in his fourth PCRA petition, that the testimony of Bruce Rozier demonstrates his actual innocence. Neither the Supreme Court nor the Third Circuit has addressed whether there is an "actual innocence" exception to the AEDPA statute of limitations. See, e.g., LaCava v. Kyler, 398 F.3d 271, 274 n.3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome AEDPA time bar). However, even assuming an actual innocence exception, the testimony of Bruce Rozier does not qualify as "new evidence" permitting the Court to reach the merits of a time-barred claim. The pre-AEDPA standard articulated by the Supreme Court in Schlup v. Delo, 513 U.S. 298 (1995), "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. This new evidence must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

      The testimony of Mr. Rozier is not new; it was known to Mr. Hill prior to his trial. (See Response to Petition, Exh. D, p. 28). At the PCRA hearing on November 20, 2002, Mr. Rozier testified that he saw another person, Larry McKinney, actually stab the victim, and that he had told Mr. Hill that he saw McKinney stab the victim when both Rozier and Mr. Hill were held in county jail prior to Mr. Hill's trial. (Response to Petition, Exh. D, pp. 28-29 (N.T., 11/20/02, pp. 60-62) (emphasis added).) Mr. Hill, however, did not call Mr. Rozier as a witness at Mr. Hill's trial, and Mr. Hill's attorney did not contact Mr. Rozier until 2001.

Nothing in the record indicates that Mr. Hill exercised reasonable diligence in investigating or bringing this claim during the almost 29 years between the time the information first became known to Mr. Hill and the filing of the instant petition.

The facts thus demonstrate that equitable tolling on the basis of new evidence of actual innocence is not warranted; nor is equitable tolling warranted for any other reason.  Post-AEDPA, the Supreme Court has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  As discussed above, Mr. Hill has not satisfied his burden of showing that he has exercised the necessary diligence or the existence of some extraordinary circumstance.

Since Mr. Hill filed his petition after the one-year period expired, it is time barred and the Court will not reach the merits of Mr. Hill's claims.  See Schlup, 513 U.S. at 316 (explaining that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim").

**CONCLUSION**

For the foregoing reasons, the Court denies all of Mr. Hill's objections and adopts the Report and Recommendation.  An appropriate Order consistent with this Memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE FRANK HILL,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, et al.,** | : | |
| Respondents | : | **NO. 05-5160** |

**ORDER**

AND NOW, this 31st day of October, 2006, upon consideration of the following: the revised Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 of Willie Frank Hill (Docket No. 3); the Government's response thereto (Docket No. 6); the Report and Recommendation of Judge Arnold C. Rapoport, United States Magistrate Judge (Docket No. 7); Petitioner's objections thereto (Docket No. 8); and the Government's response to Petitioner's objections (Docket No. 9); and for the reasons contained in the accompanying Memorandum, it is hereby ORDERED that:

1. the Report and Recommendation is ADOPTED;
2. the Petition and revised Petition for Writ of Habeas Corpus are DENIED and DISMISSED;
3. Petitioner's objections are DENIED; and
4. there is no basis on which to issue a Certificate of Appealability under 28 U.S.C. § 2253.[9]

BY THE COURT,

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[9] Mr. Hill has not made "a substantial showing of the denial of a constitutional right" for any of his claims as required under 28 U.S.C. § 2253(c)(2).